Dewey H. WALDEN and Frona Johnson Walden, Plaintiffs in Error,

v.

Emmett A. VINING, Louis J. Karey, Assignee of James W. Hammond, Lester Langston and C. E. Revels, Defendants in Error.

No. 39734.

Supreme Court of Oklahoma.

Nov. 20, 1962.

Rehearing Denied Jan. 8, 1963.

O. B. Martin, Oklahoma City, for plaintiffs in error.

Van Cleave, Thomas, Liebler & Gresham, Tulsa, for defendants in error Lester Langston and C. E. Revels.

John A. Cochran, Tulsa, for defendant in error Emmett A. Vining.

IRWIN, Justice.

Emmett A. Vining commenced an action against Dewey H. Walden and Frona Johnson Walden, hereinafter referred to as Waldens, for judgment on a promissory note and foreclosure of a real estate mortgage securing the note. In so far as pertinent to this appeal, judgment was rendered against Waldens and in favor of: Emmett A. Vining on the promissory note and foreclosure of the mortgage; and Lester Langston and C. E. Revels, as cross petitioners, based upon judgment liens which the trial court impressed upon the property involved, subject to the prior lien in favor of Emmett A. Vining. Waldens appeal from the order overruling their motion for a new trial.

## PROPOSITION I

Waldens contend the trial court erred in overruling their motion to dismiss the action at the opening of the trial on the ground and for the reason that it developed that Vining was not the proper party plaintiff and was not the real party in interest at the time of the trial.

The facts forming the basis for the above proposition are: During the opening statement of counsel it was disclosed that Vining, subsequent to the filing of the instant action and prior to trial, had entered into the following contract with Register Finance Company, an Oklahoma corporation.

## CONTRACT FOR ASSIGNMENT OF CHOSE IN ACTION

"WHEREAS, Emmett A. Vining is the plaintiff in an action against Dewey H. Walden, et al, in the District Court of Tulsa County, State of Oklahoma, said suit being numbered 99339, and

"WHEREAS, said suit is for the foreclosure of a Mortgage against a tract or parcel of land described as follows:
"(Description of property)
in the amount of $14,346.25 plus the sum of $1,434.63 in attorney fees plus interest thereon at the rate of 6 per cent per annum from the date said suit was filed, and

"WHEREAS, said suit is now at issue and is ready for trial, and,

"WHEREAS, the Register Finance Co., a corporation, is desirous of purchasing said chose in action together with all the rights thereunder.

"IT IS THEREFORE AGREED by and between Emmett A. Vining and Register Finance Co., a corporation, that for and in consideration of the sum of $14,500.00 to be paid by the Register Finance Co., a corporation, to Emmett A. Vining as follows, $5,000.00 at the signing of this Contract, and the balance of $9,500.00 on or before 90 days from this date, Emmett A. Vining hereby agrees to assign all of his right, title, and interest in and to the above chose in action or judgment whichever is the case upon the payment of the balance of $9,500.00 as set out above.

"IT IS UNDERSTOOD by and between the parties that said Emmett A. Vining is, at his expense, to complete the foreclosure proceedings to judgment at the earliest convenience time, and that Register Finance Company will pay all future court costs, excluding attorney fees for Emmett A. Vining, that may be hereafter incurred: Upon completion of this contract, said Emmett A. Vining will execute, acknowledge and deliver to Register Finance Company, upon payment of the balance of the price herein specified, a good and sufficient assignment of the judgment to be obtained and all such other instruments, documents and transfers as may be necessary or convenient for the performance hereof.

"In event Register Finance Company shall fail to pay the balance of the agreed price at the time herein stated, this contract shall become null and void; said Emmett A. Vining may retain the cash payment made concurrently herewith, and Register Finance Company will have no further interest in said chose of action, or judgment obtained thereon.

"This contract shall in no way delay, the proceedings to judgment and upon completion hereof, said Register Finance Company shall own said judgment wholly and exclusively on saving said Emmett A. Vining harmless from any further court costs to be hereafter incurred.

"This contract shall be binding upon the heirs, personal representatives and assigns of said Emmett A. Vining, and his attorney, and shall be binding upon the successors and assigns of said Register Finance Company."

To sustain their proposition that Vining was not the proper party plaintiff, Waldens rely on Title 12 O.S.1961 § 221, which provides, inter alia, that every action must be prosecuted in the name of the real party in interest. Waldens state our Court has interpreted the real party in interest to an action as being the person who will be entitled to the benefits of the action, if successful, as distinguished from one who has only a nominal, formal or technical interest in or in connection with the subject matter of the action, and cite authorities sustaining this general proposition.

██ An examination of the contract reveals that Vining did not assign the chose in action, but agreed to assign all his right, title, and interest in the chose in action or judgment upon the payment of the balance of $9,500.00, on or before 90 days after the execution of the contract. There was no contractual obligation upon Register Finance Corporation to pay the balance of $9,500.00, but if it "shall fail to pay the balance of the agreed price at the time herein stated, this contract shall become null

and void." In other words, Register Finance Corporation had the option of making the payment within the specified time and Vining would be obligated to make the assignment, or Vining had the option of not making the payment and the contract would become null and void.

In 91 C.J.S. Vendor and Purchaser § 4, p. 832, we find the following language:

"An 'option,' or 'option contract,' or 'option to purchase,' is a contract by which the owner of property agrees with another person that the latter shall have the right, power, or privilege to buy the former's property at a fixed price within a certain or specified time, or within a reasonable time in the future, and on agreed terms and conditions; * * *."

And on page 835 where it is said:

"An option is binding only on the optioner, to the extent to which, by the precise terms of the agreement, he has agreed to be bound, and not on the optionee, except for the payment of the option money, or the giving of other consideration; and an option becomes a contract inter partes, or a mutual contract, only when exercised or accepted according to its terms. * * *"

In the case of Bowen v. Vance, 203 Okl. 136, 218 P.2d 628, we held:

"An option is a contract by which the owner of property agrees that another shall have a right to buy it at a fixed price within a certain time. The owner does not sell the property, but sells the privilege to buy at the option of the other person.

"A mere option to purchase real property conveys no interest in such property to the optionee and does not authorize the optionee to grant or convey any interest in the property to a third person."

We can only conclude that where A, the owner of a chose in action, contracts with B that A will assign to B the chose in action for a definite consideration if B pays

to A the consideration within a specified time, and B has the option of paying the consideration and receiving the assignment or not paying the consideration and the contract to become null and void, that A is the proper party plaintiff to bring a suit upon the chose in action prior to the time B has exercised his option to purchase.

We therefore hold that Vining was the proper party plaintiff and the trial court did not err in overruling Waldens' motion to dismiss on the ground that Vining was not the proper party plaintiff.

### PROPOSITION II

Waldens contend the trial court erred in ordering and adjudging that defendant Waldens had made default in the promissory note and the real estate mortgage securing the same and in adjudging that Vining was entitled to accelerate the note and declare the entire amount due by reason of such default.

Waldens contracted to pay all taxes and assessments and to insure and keep insured the buildings on the property. The mortgage contained the provisions that: "If any default be made in payment of the principal sum of this mortgage, or any interest, installments, or the taxes, insurance premiums, or in case of the breach of any of the covenants * * * the whole of said principal sum * * * shall be due and payable. * * *"

Vining alleged three grounds on which to declare the obligation in default and to accelerate the payments due: (1) default in payment of some of the installments, (2) failure to pay taxes, and (3) failure to keep the property insured.

Waldens admitted that some of the installments had not been paid but urges that Vining had waived the payment when due. On the day of the trial, Waldens tendered to the court a cashier's check for all the fourteen delinquent installments without interest on the installments.

Waldens stipulated that the taxes for 1956 through 1959, had not been paid but did not stipulate that the taxes were legally assessed because it was their contention that the property constituted a charitable institution and was not taxable. Waldens stated that they would pay the taxes as soon as the amount legally due was determined.

Vining paid the insurance premiums and Waldens made the offer to reimburse him.

█ This is an action of equitable cognizance and on appeal this Court will examine the entire record and weigh the evidence, but will not reverse the trial court unless the judgment is clearly against the weight of the evidence. See Higgins v. Pipkin, Okl., 360 P.2d 231.

█ We have examined the entire record and weighed the evidence and the judgment of the trial court is not against the clear weight of the evidence that Vining was entitled to accelerate the note and mortgage.

### PROPOSITION III

Waldens contend the trial court erred in rendering judgment in favor of the cross petitioners, Lester Langston and C. E. Revels, and impressing the same as a judgment lien against the property.

Cross petitioners obtained a judgment against Waldens in the Common Pleas Court of Tulsa County in August, 1956, and Waldens admit that it became a lien on the property involved in this action. However, Waldens attack this judgment on the ground that the debt out of which the judgment accrued had been paid prior to the rendition of the judgment.

More than four years elapsed since the rendition of the judgment and Waldens have taken no affirmative action to have that judgment vacated except to collaterally attack the same in the instant action.

█ Waldens cite no authority for their position in the instant action on appeal and we will not consider it further.

It appears that the cross-petitioners have requested judgment on the supersedeas bond and the same is hereby granted and judgment is entered against the sureties on the supersedeas bond for the amount therein specified.

Judgment affirmed.